*E-Filed 8/19/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT I. MASK, | No. C 10-2535 RS (PR) |
|     Petitioner, | **ORDER OF DISMISSAL** |
|     v. | |
| A. HEDGPETH, | |
|     Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. Defendants move to dismiss the action as moot, petitioner having been released on parole. For the reasons stated herein, respondent's motion is GRANTED, and the action is DISMISSED.

## BACKGROUND

According to the petition, petitioner, formerly an inmate at Salinas Valley State Prison, received an unconstitutional disciplinary hearing and punishment from respondent in 2009. Petitioner alleges that his right to due process was violated when (1) he was denied his right to call witnesses at his disciplinary hearing; (2) there was insufficient evidence to

support a finding of guilt; (3) he was assessed 120 days of lost credit, when the maximum loss credit for such an offense was 30 days.

## DISCUSSION

Article III, § 2, of the Constitution requires the existence of a "case" or "controversy" through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). A case becomes moot "when the parties lack a legally cognizable interest in the outcome." *Johnson v. Rancho Santiago Comm. Coll. Dist.*, 623 F.3d 1011, 1020 (9th Cir. 2010) (citations omitted). "[A] dispute solely about the meaning of a law, abstracted from any concrete actual or threatened harm, falls outside the scope of the constitutional words 'Cases' and 'Controversies'." *Alvarez v. Smith*, 130 S. Ct. 576, 580–81 (2009) (citations omitted).

An incarcerated convict's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement, because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole — some "collateral consequence" of the conviction — must exist if the suit is to be maintained and not considered moot. *Id.* Continuing collateral consequences may be either proven or presumed. *Id.* at 8.

The presumption of collateral consequences that is applied to criminal convictions does not extend to prison disciplinary proceedings. *Wilson v. Terhune*, 319 F.3d 477, 481 (9th Cir. 2003). A prisoner seeking to challenge prison disciplinary proceedings in habeas must demonstrate that continuing collateral consequences exist if the punishment imposed as a result of the disciplinary action has expired. *See id.* Allegations that a rules violation finding will affect classification, institutional and housing assignments, privileges, and may

result in a delay or denial of parole, involve discretionary decisions too speculative to constitute sufficient proof of collateral consequences. *See id.* at 481–82.

The petition must be dismissed as moot. This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As petitioner has been released from incarceration, there must be some presumed or proven concrete and continuing injury, a collateral consequence resulting from the prison disciplinary proceeding, to prevent the action from being considered moot. As stated above, the presumption of collateral consequences does not extend to prison disciplinary proceedings. Consequently, it falls to petitioner to prove that some case or controversy exists. This he has failed to do, having not opposed the motion. Accordingly, respondent's motion to dismiss (Docket No. 9) is GRANTED, there being no case or controversy to satisfy Article III requirements. The action is hereby DISMISSED. The Clerk shall terminate Docket No. 9, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED: August 19, 2011

_____
RICHARD SEEBORG
United States District Judge